# United States District Court

## for

## Southern District of Ohio

## Report on Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: | Toni J Merchant | Case Number: **1:02CR00082** |
| Name of Sentencing Judicial Officer: | **The Honorable Herman J. Weber**<br>**Senior United States District Judge** | |
| Date of Original Sentence: | **January 10, 2003** | |
| Original Offense: | **Theft of Postal Funds, a violation of 18 U.S.C. § 1711** | |
| Original Sentence: | **36 month(s) probation** | |
| Special Conditions: | **1) 300 days electronic monitoring**<br>**2) Substance abuse assessment and participate in substance program if deemed necessary by USPO**<br>**3) Mental health evaluation and participate in mental health treatment at the direction of the USPO**<br>**4) Pay restitution in the amount of $66,413.51**<br>**5) Provide USPO with access to any requested financial information, and do not incur any new credit lines until restitution is paid in full**<br>**6) Pay special assessment in the amount of $100**<br><br>**Amended: 4/28/04- 90 days electronic monitoring** | |
| Type of Supervision: **Probation** | | Date Supervision Commenced: **January 10, 2003** |

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| The probationer shall pay restitution in the amount of $66,413.51 to the United States Postal Service | At sentencing, the Court ordered Merchant to pay restitution in the amount of $66,413.51 to the United States Postal Service. Merchant has a balance of $65,863.51 as of the date of this report, and will not be able to pay in full during the term of probation. |

U.S. Probation Officer Action:

Ms. Merchant was placed on three years probation on January 10, 2003. The undersigned probation officer met with the offender and reviewed with her the conditions of probation. Ms. Merchant stated that she understood the conditions, including the restitution order. The offender signed a pay agreement which directed her to pay $10 a month. This amount was to be enhanced upon her obtainment of gainful employment. This amount represented her best possible effort, based on her financial situation. As the

offender eventually obtained full time employment, she increased her payment amount to about $40 a month.

During the term of probation, Merchant was reasonably cooperative and compliant. She reported as directed, and verified employment when employed. She experienced significant periods of under employment and unemployment which affected her financial situation and her ability to pay restitution on a regular basis. However, it should be indicated that she enhanced her monthly amount of restitution to about $40 a month towards the end of 2003 and made a good faith effort to pay this amount during months even when she was not employed on a full time basis. This officer believes that the underlying offense was situational in nature and since she is no longer employed at the U.S. Post Office, she presents a very low risk of recidivism.

In examining her financial situation, Merchant resides with her boyfriend as she is unable to pay for a residence of her own. She has been unable to obtain any employment in which she is able to earn close to what she earned while employed at the United States Postal Service. Merchant will continue making restitution payments throughout the balance of her probation. It is this officer's opinion that Merchant made her best, good faith effort to satisfy the Court's order of restitution. This officer has notified the Financial Litigation Unit of the U.S. Attorney's Office and the United States Postal Service of this situation. As Ms. Merchant was convicted on the instant federal offense subsequent to April 24, 1996, she will be liable for payment of her outstanding restitution balance up to 20 years after her sentencing in January 2003, pursuant to 18 U.S.C. § 3661.

Therefore, based on **Merchant's cooperation and effort along with the federal statute's** remedy to obtain the balance of restitution subsequent to the offender's completion of probation in January 2006, this officer respectfully recommends that no action be taken against Merchant for failure to pay her restitution in full, and to allow her to discharge as scheduled on January 9, 2006.

The Court is reminded to mark the box reflecting the Court's decision in this matter, and to sign the appropriate location.

Respectfully submitted,

by  David J. Backman
    U. S. Probation Officer
    Date: **November 30, 2005**

Approved,

by  John C. Cole, Supervising
    U.S. Probation Officer
    Date: 12-2-05

---

[✓]  I concur with the recommendation of the Probation Officer
[ ]  Submit a Request for Modifying the Condition or Term of Supervision
[ ]  Submit a Request for Warrant or Summons

Signature of Judicial Officer

12/06/05
Date